NF i



**FILED** LAL

MAY 1 3 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH N. RATHNAU, )
)
*Plaintiff,* )
)
vs. )
)
STANLEY G. RIVES, PAT McKENZIE, )
JACK M. SCHULTZ, CHRISTINE )
BOARDMAN, MARK DONOVAN, J. )
FRED GIERTZ, MICHAEL J. MACKEY, )
MICHAEL PIZZUTO, and MITCHELL )
VOGEL, not individually but as the BOARD )
OF TRUSTEES OF THE STATE )
UNIVERSITIES RETIREMENT SYSTEM, )
a public corporation of the State of Illinois, )
)
*Defendants.* )

No. **05C 2882**

JUDGE HOLDERMAN
MAGISTRATE JUDGE DENLOW

Judge

Magistrate Judge

## COMPLAINT FOR REDRESS OF DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW AND FOR OTHER RELIEF

Comes now the Plaintiff, JOSEPH N. RATHNAU, by his Counsel, Joseph A. Morris and

Morris & De La Rosa, and complains of the Defendants, STANLEY G. RIVES, PAT McKENZIE,

JACK M. SCHULTZ, CHRISTINE BOARDMAN, MARK DONOVAN, J. FRED GIERTZ,

MICHAEL J. MACKEY, MICHAEL PIZZUTO, and MITCHELL VOGEL, not individually but

as the BOARD OF TRUSTEES OF THE STATE UNIVERSITIES RETIREMENT SYSTEM,

a public corporation of the State of Illinois, and says:

## COUNT I — PROPERTY RIGHTS

1.      This is an action brought, pursuant to Sections 1 and 2(3) of the Civil Rights Act of

1871, 42 U.S.C. §§ 1983 and 1985(3), seeking redress for actions taken, under color of State law and in violation of rights secured to Plaintiff by the Fourteenth Amendment of the United States Constitution and Section 16 of the Civil Rights Act of 1870, 42 U.S.C. § 1981, to deprive Plaintiff of property rights established in accordance with Section 2 of Article I of the Illinois Constitution, Section 5 of Article XIII of the Illinois Constitution, and Article 15 of the Illinois Pension Code, 40 ILCS §§ 5/15-101 *et seq.*

## Parties

2. Plaintiff is a citizen of the United States and of the State of Illinois and a resident of Cook County, Illinois. From on or about September 1, 1968, until May 15, 2003, Plaintiff was employed as a professor by Chicago State University. During that time, for a period of nearly 35 years, Plaintiff was an "employee" within the meaning of Section 107 of Article 15 of the Illinois Pension Code, 40 ILCS § 5/15-107, and Chicago State University was an "employer" within the meaning of Section 106 of Article 15 of the Illinois Pension Code, 40 ILCS 5/15-106. In addition, prior to his employment by Chicago State University, from in or about January 1957 to in or about September 1968, Plaintiff was employed for approximately 12 years as a teacher by the public school system of the City of Chicago, Illinois, then governed by the Chicago Board of Education which, pursuant to Article 34 of the Illinois School Code, 105 ILCS §§ 5/34-1 *et seq.*, has since been succeeded by the Chicago School Reform Board of Trustees. Plaintiff was employed as a teacher and a professor by public institutions of education existing by and under the laws of Illinois for approximately 47 years.

3. Defendants are the Board of Trustees of the State University Retirement System

-2-

("SURS"), a public corporation of the State of Illinois within the meaning of Section 161 of Article 15 of the Illinois Pension Code, 40 ILCS § 5/15-161, established pursuant to Section 159 of Article 15 of the Illinois Pension Code, 40 ILCS § 5/15-159, charged with the responsibility of administering the pension and retirement benefits of employees of state universities in Illinois, including the pension and retirement benefits earned by Plaintiff as an employee of Chicago State University. All Defendants are residents of the State of Illinois and Defendants CHRISTINE BOARDMAN, MARK DONOVAN, MICHAEL J. MACKEY, MICHAEL PIZZUTO, and MITCHELL VOGEL are all residents of the County of Cook in the State of Illinois. All Defendants act under color of State law.

## Jurisdiction and Venue

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

5. Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## Plaintiff's Rights

### (a) Plaintiff's Right to a Pension Calculated on the Basis of His Average Annual Earnings for the Period from May 16, 1999, Through May 15, 2003

6. By reason of his 47 years of service as a teacher and professor in public institutions of education existing by and under the laws of Illinois, Plaintiff is entitled to the payment by Defendants of a pension determined in accordance with Article 15 of the Illinois Pension Code, 40 ILCS §§ 5/15-101 *et seq.*

7. Plaintiff's right to a pension is further secured under State law by Section 2 of Article

-3-

I of the Illinois Constitution and Section 5 of Article XIII of the Illinois Constitution.

8.      In particular, pursuant to Section 112 of Article 15 of the Illinois Pension Code, 40 ILCS § 5/15-112, Plaintiff is entitled to have his pension determined on the basis of his "average annual earnings during the 48 consecutive calendar month period ending with the last day of final termination of employment".

9.      Plaintiff's "last day of final termination of employment" occurred on May 15, 2003.

10.     Plaintiff therefore has a right to a pension determined on the basis of his average annual earnings during the period from and including May 16, 1999, to and including May 15, 2003.

### (b) Plaintiff's Right to a Pension Calculated on a Basis Including Payments Made to Him for Unused Sick Leave Earned During Academic Years 1997-1998 Through 2002-2003

11.     In addition, at the time of his retirement, Plaintiff was a member of a collective bargaining unit at Chicago State University on whose behalf a benefit had been negotiated, in accordance with the Illinois Educational Labor Relations Act, 115 ILCS §§ 5/1 *et seq.*, pursuant to which Plaintiff is entitled to have his pension determined under Section 112 of Article 15 of the Illinois Pension Code, 40 ILCS § 5/15-113.4, Plaintiff is entitled to have his pension determined as if his final rate of earnings "for any academic year beginning after June 30, 1997" included "payment received during a period of up to 2 academic years for unused sick leave ... subject to the 20% increase limitation of this Section", which "20% increase limitation of this Section" provides that,

> In the determination of the final rate of earnings for an employee, that part of an employee's earnings for any academic year beginning after June 30, 1997, which exceeds the employee's earnings with that employer for the preceding year by more than 20 percent shall be excluded; in the event that an employee has more than one employer this limitation shall be calculated separately for the earnings with each employer. In making such calculation, only the basic compensation of employees shall be considered, without regard to vacation or

-4-

overtime or to contracts for summer employment.

12. In 2003, Chicago State University paid to Plaintiff various amounts of unused sick leave earned by Plaintiff in every academic year beginning after June 30, 1997.

13. Plaintiff therefore has a right to a pension determined on a basis that includes in his final rate of earnings all payments, subject to the statutory 20% rule, that he received during the last two years of his employment of unused sick leave for unused sick leave accrued during each of Academic Years 1997-1998, 1998-1999, 1999-2000, 2000-2001, 2001-2002 and 2002-2003.

### (c) Plaintiff Has the Right to the Payment of an Annuity Benefit for the Period from May 16, 2003, Through May 31, 2003

14. Section 135(b) of the Illinois Pension Code, 40 ILCS § 5/15-135(b), provides, in pertinent part, as follows:

The annuity payment period shall begin on the date specified by the participant submitting a written application, which date shall not be prior to termination of employment or more than one year before the application is received by the board.

15. On June 13, 2003, Plaintiff submitted to Defendants his written application for pension, in which he specified that the annuity payment period was to begin on May 16, 2003, a date which was neither prior to the termination of his employment nor more than one year before his application was received by Defendants.

16. Plaintiff therefore has a right to the payment of annuity benefits for the period commencing on May 16, 2003, and continuing thereafter, during Plaintiff's lifetime, as provided by law, including, specifically, for the period from and including May 16, 2003, to and including May 31, 2003.

-5-

## Deprivations of Plaintiff's Rights

17.    Notwithstanding the commands of the law, as aforesaid, Defendants have determined Plaintiff's pension, not on the basis of his "average annual earnings during the 48 consecutive calendar month period ending with the last day of final termination of employment", but on the basis of his average annual earnings during the 47-consecutive-calendar-month-and-15-day period ending with the last day of final termination of his employment; that is, not from and including May 16, 1999, to and including May 15, 2003, but from June 1, 1999, to and including May 15, 2003.

18.    Notwithstanding the commands of the law, as aforesaid, Defendants have determined Plaintiff's pension, not as if his final rate of earnings "for any academic year beginning after June 30, 1997" included "payment received during a period of up to 2 academic years for unused sick leave ... subject to the 20% increase limitation of this Section", but as if his final rating of earnings for only a single academic year beginning after June 30, 1997, included payment received during a period of up to 2 academic years for unused sick leave, subject to the said 20% increase limitation; that is, not for Academic Years 1997-1998, 1998-1999, 1999-2000, 2000-2001, 2001-2002 and 2002-2003, but only for Academic Year 2002-2003.

19.    Notwithstanding the commands of the law, as aforesaid, Defendants have failed to pay Plaintiff any annuity benefits for the period from and including May 16, 2003, to and including May 31, 2003.

20.    Defendants have withheld from Plaintiff and, notwithstanding the repeated demands of Plaintiff, continue to withhold from Plaintiff, and threaten to withhold from Plaintiff into the indefinite future, the full amount of past, current, and future monthly pension payments to which he

-6-

is entitled by law.

21.     Said conduct by Defendants impermissibly deprives Plaintiff, under color of State law, of property to which he is entitled by law.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will grant him the following relief:

A.      Judgment declaring that Plaintiff is entitled to have his pension calculated, and that Defendants are required to calculate Plaintiff's pension, by determining his average annual rate of earnings from and including May 16, 1999, to and including May 15, 2003.

B.      Judgment declaring that Plaintiff is entitled to have his pension calculated, and that Defendants are required to calculate Plaintiff's pension, by including in his final rate of earnings all payments, subject to the statutory 20% rule, that he received during the last two years of his employment of unused sick leave for unused sick leave accrued during each of Academic Years 1997-1998, 1998-1999, 1999-2000, 2000-2001, 2001-2002 and 2002-2003.

C.      Judgment declaring that Plaintiff is entitled to the payment of an annuity benefit for the period from and including May 16, 2003, to and including May 31, 2003.

D.      Judgment for compensatory damages making him whole for pension benefits wrongfully withheld to him through the date of judgment, together with interest thereon as provided by law.

E.      Reasonable attorneys' fees.

F.      Costs of suit.

G.      Such other and additional relief as may be just and proper.

-7-

## COUNT II — CONTRACT RIGHTS

22-42. Plaintiff realleges the allegations of Paragraphs 1 through 21, inclusive, of Count I of his Complaint as the allegations of Paragraphs 22 through 42, inclusive, of Count II of his Complaint.

43.     Said conduct by Defendants impermissibly deprives Plaintiff, under color of State law, of contractual rights to which he is entitled by law, and impermissibly impairs Plaintiff's freedom of contract.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will grant him the following relief:

A.      Judgment declaring that Plaintiff is entitled to have his pension calculated, and that Defendants are required to calculate Plaintiff's pension, by determining his average annual rate of earnings from and including May 16, 1999, to and including May 15, 2003.

B.      Judgment declaring that Plaintiff is entitled to have his pension calculated, and that Defendants are required to calculate Plaintiff's pension, by including in his final rate of earnings all payments, subject to the statutory 20% rule, that he received during the last two years of his employment of unused sick leave for unused sick leave accrued during each of Academic Years 1997-1998, 1998-1999, 1999-2000, 2000-2001, 2001-2002 and 2002-2003.

C.      Judgment declaring that Plaintiff is entitled to the payment of an annuity benefit for the period from and including May 16, 2003, to and including May 31, 2003.

D.      Judgment for compensatory damages making him whole for pension benefits

-8-

wrongfully withheld to him through the date of judgment, together with interest thereon as provided by law.

     E.     Reasonable attorneys' fees.

     F.     Costs of suit.

     G.     Such other and additional relief as may be just and proper.

## COUNT III — DENIAL OF EQUAL PROTECTION

44-64. Plaintiff realleges the allegations of Paragraphs 1 through 21, inclusive, of Count I of his Complaint as the allegations of Paragraphs 44 through 64, inclusive, of Count III of his Complaint.

65.     Defendants have created two classes of SURS retirees, one consisting of persons who retire on the last day of a calendar month and another consisting of persons who retire on any other day of a calendar month.

66.     Defendants have established, and enforce, a policy and practice of determining and paying pensions to members of the first class pensions based on the full final 48-month period of their employment, and of determining and paying pensions to members of the second class pensions based on the final 48-month period of their employment diminished by the number of days remaining in the calendar month following the "last day of final termination" of each such employee's employment.

67.     Defendants have established, and enforce, a policy and practice of paying annuity benefits to members of the first class commencing on the first day next following after the day of their respective retirements, and of withholding annuity benefits to members of the second class for

-9-

the period from and including the first day next following after the day of their respective retirements to and including the last day of the month during which they retired.

68.     Said classification is arbitrary, capricious, and without substantial relation to any legitimate governmental interest.

69.     Said classification impermissibly burdens Plaintiff, and all others similarly situated in that their respective "last days of final termination" were other than the last day of a calendar month, and deprives him and them of rights secured to him and them by law, all as aforesaid.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will grant the following relief:

A.     Judgment declaring that Plaintiff and all others similarly situated are entitled to have their respective pensions calculated, and that Defendants are required to calculate their respective pensions, by determining the average annual rate of earnings for each such person for a period ending on each person's actual "last day of final termination of employment" and commencing on the day occurring 48 months earlier, regardless of which day of the calendar month on which any such starting or ending date may have occurred.

B.     Judgment declaring that Plaintiff and all others similarly situated are entitled to receive payments of annuity benefits for the period beginning on the first day next following after the day of their respective retirements.

C.     Judgment for compensatory damages making him whole for pension benefits wrongfully withheld to him through the date of judgment, together with interest thereon as provided

-10-

by law.

      D.     Reasonable attorneys' fees.

      E.     Costs of suit.

      F.     Such other and additional relief as may be just and proper.

## COUNT IV — DETRIMENTAL RELIANCE

70-90. Plaintiff realleges the allegations of Paragraphs 1 through 21, inclusive, of Count I of his Complaint as the allegations of Paragraphs 70 through 90, inclusive, of Count IV of his Complaint.

91.     Plaintiff realleges the allegations of Paragraph 43 of Count II of his Complaint as the allegations of Paragraph 91 of Count IV of his Complaint.

92.     At all times relevant hereto, prior to Plaintiff's retirement, Defendants held out to Plaintiff that they would counsel Plaintiff with respect to the effectuation of his retirement, including his election of a "last day of final termination of employment", so as to permit the maximization of Plaintiff's lawful pension benefits.

93.     Prior to his retirement and his election of May 15, 2003, as his "last day of final termination of employment", Plaintiff sought and requested retirement counseling services from Defendants.

94.     Prior to Plaintiff's retirement and his election of May 15, 2003, as his "last day of final termination of employment", Defendants, through their operating personnel, counseled and assured Plaintiff that, given his history of continuous employment and stable rates of compensation during his last several years of employment, the day of the month that Plaintiff selected as such "last

-11-

day of final termination of employment" would be immaterial to the determination of his pension benefits.

95.     Plaintiff relied on such counseling and assurance and, in accordance therewith, elected to retire on May 15, 2003, making that date his "last day of final termination of employment".

96.     The election of such date, being a day other than the last day of a calendar month, in fact resulted in the diminution by Defendants of Plaintiff's pension benefits, such that Plaintiff's monthly pension benefit is less than it would have been had he elected to retire on either April 30, 2003, or May 31, 2003, or any other day that was the last day of a calendar month.

97.     Plaintiff relied on Defendants' counseling and assurances to his detriment and, as a result of such detrimental reliance, was injured, as aforesaid.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will grant him the following relief:

A.     Judgment declaring that Plaintiff is entitled to have his pension calculated, and that Defendants are required to calculate Plaintiff's pension, by determining his average annual rate of earnings from and including May 16, 1999, to and including May 15, 2003.

B.     Judgment for compensatory damages making him whole for pension benefits wrongfully withheld to him through the date of judgment, together with interest thereon as provided by law.

C.     Reasonable attorneys' fees.

-12-

D.     Costs of suit.

E.     Such other and additional relief as may be just and proper.

## COUNT V — BREACH OF CONTRACT

98-118.     Plaintiff realleges the allegations of Paragraphs 1 through 21, inclusive, of Count I of his Complaint as the allegations of Paragraphs 98 through 118, inclusive, of Count V of his Complaint.

119.     Defendants conduct constitutes a breach of contract with Plaintiff and a violation of Plaintiff's statutory and common law contractual rights.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will grant him the following relief:

A.     Judgment declaring that Plaintiff is entitled to have his pension calculated, and that Defendants are required to calculate Plaintiff's pension, by determining his average annual rate of earnings from and including May 16, 1999, to and including May 15, 2003.

B.     Judgment declaring that Plaintiff is entitled to have his pension calculated, and that Defendants are required to calculate Plaintiff's pension, by including in his final rate of earnings all payments, subject to the statutory 20% rule, that he received during the last two years of his employment of unused sick leave for unused sick leave accrued during each of Academic Years 1997-1998, 1998-1999, 1999-2000, 2000-2001, 2001-2002 and 2002-2003.

C.     Judgment declaring that Plaintiff is entitled to the payment of an annuity benefit for the period from and including May 16, 2003, to and including May 31, 2003.

-13-

D.    Judgment for compensatory damages making him whole for pension benefits wrongfully withheld to him through the date of judgment, together with interest thereon as provided by law.

E.    Reasonable attorneys' fees.

F.    Costs of suit.

G.    Such other and additional relief as may be just and proper.

## JURY DEMAND

Plaintiff respectfully demands trial by jury of all issues so triable.

Dated:    May 13, 2005.

JOSEPH A. MORRIS
One of Counsel for Plaintiff

JOSEPH A. MORRIS
CHARLES H. BJORK
Morris & De La Rosa
39 South La Salle Street
5th Floor
Chicago, Illinois 60603
(312) 606-0876

*Counsel for Plaintiff.*

-14-